IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re

BIG BEND INVESTMENT GROUP
OF FLORIDA, LLC.,

    Debtor.

_____/

Case No.  8:10-bk-24981-CPM
Chapter  11

## REGIONS BANK'S VERIFIED MOTION
## FOR TERMINATION OR MODIFICATION OF AUTOMATIC
## STAY, AND TO PROHIBIT OR CONDITION USE OF CASH COLLATERAL
## (NON-EMERGENCY)

Pursuant to Federal Rule of Bankruptcy Procedure 4001 and Bankruptcy Code §§ 361, 362, and 363, Regions Bank, an Alabama state chartered bank, as successor in interest to Amsouth Bank (the "Bank"), by and through its undersigned counsel, hereby moves on the following grounds for an order of this Court (a) terminating or modifying the automatic stay to allow it to continue its foreclosure action against Big Bend Investment Group of Florida, LLC (the "Debtor"), or, alternatively, (b) providing adequate protection of its security interests and liens in property of the Debtor's estate, and/or (c) prohibiting or conditioning the Debtor's use of cash collateral for reasons hereinafter set forth:

### A.  Background Facts

1.  The debt that is the subject of this motion (the "Obligation"), and is evidenced by a series of loan, security, and guaranty documents (collectively, the "Loan Documents").

2.  The Obligation was funded by the Bank to acquire a professional office complex located at 10722-10732 Ketchum Valley Drive, Riverview, Florida 33579, and related assets (the "Mortgaged Property"), as well as rents, issues, and profits generated from the same (collectively, the "Rents").

3.  The "Loan Documents" include, but are not limited to, the following:

a. Commitment letter from the Bank to Big Bend Investment Group of Florida, LLC (the "Borrower") dated July 11, 2008, a copy of which is attached hereto as Exhibit "A";

b. "Loan Agreement" executed and delivered by the Borrower to the Bank on or as of December 19, 2009, a copy of which is attached hereto as Exhibit "B";

c. "Promissory Note" executed and delivered by the Borrower to the Bank on or as of September 19, 2009, in the original principal amount of $1,962,270, a copy of which is attached hereto as Exhibit "C";

d. A series of "Commercial Guaranty" documents (collectively, the "Guaranties"), executed and delivered by Hemant N. Shah, Gaultham Sampath, and Mayur J. Mahta on or as of December 19, 2008, copies of which are attached hereto as Composite Exhibit "D"

e. "Limited Liability Company Resolution to Borrower/Grant Collateral" executed and delivered by the Borrower to the Bank on or as of September 19, 2009, a copy of which is attached hereto as Exhibit "E";

f. "Mortgage" executed and delivered by the Borrower to the Bank on or as of December 19, 2008, as recorded in Official Records Book 19028, beginning at Page 1997, of the Official Records of Hillsborough County, a copy of which is attached hereto as Exhibit "F"; and

g. "Master Agreement" entered into by and between the Borrower and the Bank on or as of December 17, 2008, a copy of which is attached hereto as Exhibit "G."

4. The Bank owns and holds the originals of the Loan Documents.

5. The Bank has accelerated and demanded the Obligation by letter dated April 2, 2010 ("Demand Letter"), a copy of which is attached hereto as Exhibit "H." At the time, the obligation

2

was subject to numerous events of default reflected in the Demand Letter.

6. As of October 19, 2010, the Obligation was in the aggregate amount of $2,041,981.30 inclusive of principal, accrued interest, late charges, attorneys' fees, and costs, as follows:

| | |
|---|---|
| Principal Balance | $1,953,047.12 |
| Interest Due (as of 10/19/10 at $148.27 per diem) | $53,298.07 |
| Late Charges | $2,816.37 |
| Attorneys' Fees and Costs | $32,189.91 |
| Total payoff as of October 1 9, 2010 | $2,041,981.30 |

Interest continues to accrue on the principal amount of the Obligation at a non-default per diem of $145.24306 that is consistent with the Loan Documents, although the Bank reserves the right to recover default rate interest from the default date set forth above.

7. On or as of May 11, 2010, the Bank initiated a state court foreclosure action (the "Foreclosure Action"), styled Regions Bank v.Big Bend Investment Group of Florida, LLC, et al., Case No. 10-007496 G, in the Thirteenth Judicial Circuit, Hillsborough County, Florida (the "Foreclosure Court").

8. On October 19, 2010, the Foreclosure Court was to have considered a motion for summary judgment that had previously been partially granted in favor of the Bank, and the Bank had therefore prepared a proposed form of "Final Summary Judgment of Foreclosure and Damages in Favor of the Bank" (the "Foreclosure Judgment"), that the Bank submits would have been entered, given that discovery and other case management activity was consistent with the granting of in rem and in personam relief against the Debtor.

**B.     Allegations Relating To Relief Requested**

9. On October 18, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Petition"), initiating this reorganization (this "Reorganization").

3

10. The Debtor continues to operate its business and manage its affairs as Debtor-in-Possession pursuant to Bankruptcy Code §§ 1107 and 1108, and the orders of this Court.

11. The Mortgaged Property and the Rents (together, the "Collateral"), are subject to the Bank's security interests and liens, and yet the Debtor has failed to comply with orders of the Foreclosure Court or laws governing this Reorganization as they relate to adequate protection and cash collateral issues.

12. This Reorganization is for all intents and purposes a mere two (2) party dispute.

13. The Bank notes that (a) the Debtor has never proposed pre-petition to satisfy the Obligation under any business scheme, and is unable to do so, (b) the Collateral is in fact worth less than the Obligation, (c) the Debtor's finances are dominated by the Bank's claim, and (d) Chapter 11 would not enable the Debtor to cram down any plan upon the Bank as the holder of claims controlling two (2) anticipated classes that would be impaired under any theoretical plan of reorganization (secured and general unsecured).

14. The Office of the United States Trustee (the "U.S. Trustee") has yet to appoint an official committee of general unsecured creditors herein. Upon information and belief, there is no basis to form an official committee.

15. Termination or modification of the automatic stay for "cause," pursuant to Bankruptcy Code § 362(d)(1), exists for the following reasons:

    a. The Debtor appears to have initiated this Reorganization for the sole purpose of frustrating the Bank's entitlement to a foreclosure sale as scheduled pursuant to Florida law, and the Debtor is therefore acting in bad faith based upon the presence of all "Phoenix Picadilly" factors articulated by the Eleventh Circuit in the copious body of governing common law.

4

b. Since the Petition Date, the Debtor has not provided the Bank with any adequate protection payments or otherwise with respect to the Collateral.

c. Market factors continue to prejudice the Bank's collateral, as the value of the Collateral decreases and current property taxes remain unpaid.

d. The Debtor has demonstrated a consistent inability to informally reorganize its affairs, and have no basis to demonstrate that it can be successful in a Chapter 11 context in formally reorganizing.

16. Alternatively, relief from the automatic stay is appropriate pursuant to Bankruptcy Code § 362(d)(2), because:

a. the Debtor has no equity in the Collateral, between the Bank's liens; and

b. the Collateral is not necessary for an effective reorganization, especially because of the nature and use of the Collateral, and the composition of the creditor body herein.

17. Stay relief is additionally appropriate, or will be appropriate, pursuant to Bankruptcy Code § 362(d)(3), in that the Collateral constitutes "single asset real estate," and the Debtor is manifestly incapable of making interest payments on the Obligation or coming up with any feasible plan of reorganization.

18. All of the foregoing additionally and/or alternatively constitutes "cause" for this Court's requirement that the Debtor adequately protect the Bank's security interests and liens in the Collateral pursuant to Bankruptcy Code § 361. While this Reorganization is pending, the Bank is prepared to accept the net Rents and other consideration as part of an adequate protection package.

19. The Rents constitute "cash collateral" within the definition of Bankruptcy Code § 363(a), and the Bank has not consented to the Debtor's use of the Rents at present, such that this

Court should condition or prohibit the Debtor's use of Rents in a manner consistent with prevailing law.

WHEREFORE, the Bank respectfully requests the order of this Court that will:

a. grant this motion;

b. terminate the automatic stay with respect to the Collateral to permit the rescheduling of the foreclosure sale of the Collateral in the context of the Foreclosure Action; or

c. alternatively, provide adequate protection sufficient to protect The Bank's security interests and liens in the Collateral;

d. prohibit or condition the Debtor's use of the Rents; and

e. provide for such other relief as this Court determines to be necessary and appropriate in the circumstances.

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number: 0731013
Anthony & Partners, LLC
201 N. Franklin Street, Suite 2400
Tampa, Florida 33602
Telephone: 813/273-5616
Telecopier: 813/221-4113
Attorneys for Regions Bank

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by electronic means and/or U.S. first class mail on the 19th day of October, 2010, to:

Buddy D. Ford, Esquire
115 N. MacDill Avenue
Tampa, FL 33609-1521
Attorneys for Debtor

United States Trustee - TPA
Timberlake Annex, Suite 1200
501 E. Polk Street
Tampa, FL 33602

Big Bend Investment Group of Florida, LLC
Attn: Gautham Sampath, Manager
8356 Golden Praire Drive
Tampa, Florida 33647

L.B.R. 1007-2 Mailing Matrix

/s/ John A. Anthony
**ATTORNEY**

# VERIFICATION

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

I, Kent Harrell, Regions Bank Senior Vice President, hereby declare under penalty of perjury under the laws of the United States that the information contained in the foregoing motion is true and correct, provided that this declaration does not extend to paragraphs that contain analysis of Florida law or federal bankruptcy law governing the merits of the motion, about which I am unqualified to opine, because I am not a member of The Florida Bar.

*Kent Harrell* (signature)

**Kent Harrell**

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

The foregoing instrument was acknowledged before me, this 19th day of October, 2010, by Kent Harrell, in his capacity as Senior Vice President, Regions Bank. He is personally known to me.

*Glenda R. Chapman* (signature)
Notary Public
My Commission Expires:



GLENDA R. CHAPMAN
MY COMMISSION # DD 661604
EXPIRES: May 9, 2011